FILED by RGS D.C.

AUG 1 8 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

**09-22430**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**CIV-HOEVELER**

$326,243 IN UNITED STATES CURRENCY,

**MAGISTRATE JUDGE
GARBER**

Defendant.
_____/

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America ("United States"), hereby files this civil complaint for forfeiture *in rem* and states as follows:

1. This is a civil action for forfeiture *in rem* of the defendant, $326,243 in United States Currency ("the defendant currency"), pursuant to Title 21, United States Code, Section 881(a)(6).

2. The Court has subject matter jurisdiction in this cause pursuant to Title 28, United States Code, Sections 1345 and 1355(a), (b), and (d).

3. The venue for this cause lies in the Southern District of Florida pursuant to Title 28, United States Code, Sections 1355 and 1395 as the defendant currency is located within the Southern District of Florida and will remain within the district during the pendency of this cause or until further order of the Court.

4.      The defendant currency is subject to forfeiture to the United States pursuant to Title 21, United States Code, Section 881(a)(6) as the defendant currency constitutes moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of Title 21 of the United States Code.

## STATEMENT OF FACTS

5.      On March 19, 2009, at approximately 11:00 p.m., agents assigned to Immigration and Customs Enforcement ("ICE agents") and task force officers (ICE agents and task force officers collectively referred to as "the law enforcement officers") observed Scott Hays, his wife, Sandra Hays, and the couple's minor daughter, arrive at the entrance of the Marriott Residence Inn located at 19900 West Country Club Drive, Aventura, Florida ("the Marriott"), driving a white BMW four-door sedan bearing a State of Texas license plate numbered T66ZGB ("the BMW").

6.      The Hayses unloaded several pieces of luggage from the BMW's trunk and checked into suite #114 at the Marriott with their minor daughter.

7.      On March 20, 2009, at approximately 7:30 a.m., the Hayses left the Marriott empty-handed without their minor daughter and drove the BMW to a residence located at 11515 N.W. 71 Street, Doral, Florida ("the Doral residence").

8.      The Hayses entered the Doral residence, spent approximately twenty minutes inside that residence, retrieved two pieces of luggage (a khaki-colored backpack ("the backpack") and a black-colored bag with wheels ("the rollerbag")), both of which had been dropped off at the Doral residence previously by two adult males, loaded the backpack and the rollerbag in the trunk of the BMW and eventually drove back to the Marriott.

9. The Hayses returned to the Marriott, removed the backpack and rollerbag from the trunk of the BMW and entered Suite #114. Shortly thereafter, Scott Hayes left the Marriott empty-handed and drove the BMW to an International Pancake House located in Aventura, Florida.

10. After Scott Hays left the Marriott, the law enforcement officers went to Suite #114, requested and received consent from Sandra Hayes to search that suite and did search that suite. During that search, the law enforcement officers searched the several pieces of luggage that the Hayses unloaded from the BMW the previous night, which search revealed articles of clothing and other personal articles. Further, the law enforcement officers searched the rollerbag, which was found in suite's bathroom, and the backpack, which was found in the suite's bedroom closet.

11. The search of the rollerbag revealed $293,590 in small denominations of United States currency and the search of the backpack revealed $32,653 in small denominations of United States currency. The denominations and number of each are as follows: three (3) fifty dollar ($50) notes, fourteen thousand five hundred twenty-two (14,522) twenty dollar ($20) notes, one thousand five hundred eighty-seven (1,587) ten dollar ($10) notes, three thousand three hundred sixty (3,360) five dollar ($5) notes and two thousand nine hundred eighty-three (2,983) one dollar ($1) notes.

12. The total amount of currency found in the rollerbag and backpack was $326,243 U.S., which currency constitutes the defendant currency in this cause. The defendant currency separated and bundled with rubber bands in a manner consistent with the proceeds of drug trafficking.

13. After finding the defendant currency, the law enforcement officers interviewed Sandra Hays during which interview she relayed to the law enforcement officers, among other things, that she and Scott Hays left the Marriott earlier that morning to have breakfast at a restaurant, whose name she was not able to recall, and then afterward she and her husband went to the Colombian Consulate's Office in Coral Gables, Florida, before returning to the Marriott. Sandra Hays did <u>not</u> mention going to the Doral residence earlier that morning during her interview.

14. In addition to the assertions made during that interview, Sandra Hays provided the law enforcement officer with two separate written, signed and sworn statement to the law enforcement officers wherein one of her statements she provided, among other things, that she and Scott Hays brought the defendant currency with them from Windermere, Florida, where the couple permanently resides, to the Marriott on March 19, in order to open, and deposit, some portion of the defendant currency in an account at CitiBank and in order to invest another portion of the defendant currency in foreclosed properties. Further, Sandra Hays explained that the defendant currency is comprised of money she received through inheritance and of money that she and Scott Hays saved over a twenty-year period of time both prior to and during their marriage.

15. Later, the law enforcement officers interviewed Scott Hays during which interview he relayed to the law enforcement officers, among other things, that he and Sandra Hays left the Marriott that morning in order to find a Venezuelan restaurant at which to have breakfast, but were not able to find that restaurant. Around that time Sandra Hays received a telephone call on her cellular telephone and engaged in a conversation in Spanish, which he did not understand as he does not speak Spanish. After that telephone conversation ended, he and Sandra Hays went to a person's house (i.e., the Doral residence) where Sandra Hays handed him a bag filled with money, but he did

4

not know anything more about that money as he did not ask any questions of Sandra Hays pertaining to that money.

16. In addition to the assertions made during that interview, Scott Hays provided a written, signed and sworn statement to the law enforcement officers wherein he provided, among other things, that he and Sandra Hays went to a "condo-home" (i.e., the Doral residence) early on the morning of March 20, at which Sandra Hays handed him a bag that he carried to, and loaded in, the trunk of the BMW. However, Scott Hays, in contradiction with his previous oral assertions made during his interview with the law enforcement officers, stated that he did *not* know of the contents of the bag that Sandra Hays handed to him.

17. A Miami-Dade Narcotics Canine Unit arrived at the Marriott where a trained canine alerted to the presence of narcotics on the defendant currency.

18. As a result of the quantity of currency comprising the defendant currency, the defendant currency being separated and bundled with rubber bands in a manner consistent with the proceeds of drug trafficking, the intentional misrepresentations made by Sandra Hays pertaining to her bringing the defendant currency with her from Windermere, Florida, on the night of March 19, the inconsistent statements made by Scott Hays to the law enforcement officers pertaining to his knowledge of the presence of the defendant currency in the "bag" he was handed by Sandra Hays which he brought back from the Doral residence to the Marriott on the morning of March 20, and the canine alerting to the presence of narcotics on the defendant currency, among many other reasons comprising the totality of the circumstances in this cause, the law enforcement officers seized the defendant currency pursuant to, *inter alia*, Title 21, United States Code, Section 881.

## COMPLAINT FOR FORFEITURE

The defendant currency constitutes moneys furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of Title 21 of the United States Code and is therefore subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6).

WHEREFORE, the United States requests, that any and all persons having any claim to the defendant currency be directed to file and serve their verified claims and answers as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions or suffer default thereof, and further requests that the Court declare the defendant currency condemned and forfeit to the United States and that the United States shall have such other and further relief as may be just and proper in the discretion of the Court.

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

By: _____
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 N.E. 4th Street - 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9294
Facsimile: (305) 536-4089

## VERIFICATION

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury, that I have read the foregoing Complaint for Forfeiture *In Rem* and state that the facts alleged therein are true and correct to the best of my knowledge and belief.

Executed this __13th__ day of August, 2009.

_____
Daniel J. Rodriguez
Immigration and Customs Enforcement

**%JS 44** (Rev 1/0) **09-22430** **CIVIL COVER SHEET** FILED by RGS D.C.

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

AUG 18 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S. D. of FLA. – MIAMI

CIV-HOEVELER

MAGISTRATE JUDGE
GARBER

### I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
$326,243 IN UNITED STATES CURRENCY

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Daren Grove
99 NE 4th Street, 7th Floor
Miami, Florida 33132

Attorneys (If Known)

**(d)** Check County Where Action Arose: ☒ DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☒ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Title 21 United States Code, Section 881(a)(7)

LENGTH OF TRIAL via __4__ days estimated (for both sides to try entire case)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
(See instructions) JUDGE _____ DOCKET NUMBER _____

DATE 8/17/09
SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT Unpaid APPLYING IFP _____

DG:jw

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **09-22430**

UNITED STATES OF AMERICA

Plaintiff,

**CIV-HOEVELER**

vs.

**MAGISTRATE JUDGE GARBER**

$326,243 IN UNITED STATES CURRENCY,

Defendant.
_____/

## CIVIL COMPLAINT COVER SHEET

1. Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 2003? _____ Yes __X__ No

2. Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? _____ Yes __X__ No

3. Did this case originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

Respectfully submitted,

JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

BY: _____
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
99 N.E. 4th Street -7th Floor
Miami, Florida 33132
Telephone: (305) 961-9294
Facsimile: (305) 536-4089