UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-22430-Civ-Hoeveler/Garber

UNITED STATES OF AMERICA,

      Plaintiff,

v.

$326,243 IN UNITED STATES CURRENCY,

      Defendant,

v.

SCOTT HAYS AND SANDRA HAYS,

      Claimants.
_____/

## CLAIMANTS' ANSWER AND AFFIRMATIVE DEFENSES

Claimants, Scott Hays and Sandra Hays, by and through their undersigned attorneys answer the verified complaint for forfeiture *in rem* as follows:

1. Claimants admit the allegations in paragraphs 1, 2, 3, 4, 6 and 9.

2. Claimants deny the allegations in paragraph 4.

3. Claimants lack knowledge of the allegations in paragraph 5, 10, 11, 12, 13, 14, 15, 16, 17 and 18 and, therefore, deny the allegations.

4. Claimants lack knowledge of the allegations of time and "empty-handed" in paragraph 7, and, therefore deny the allegations; they admit the remaining allegations.

5. Claimants lack knowledge of the allegation of time inside the residence and the drop

1

off by two adult males in paragraph 8, and, therefore, deny these allegations; they admit the remaining allegations.

6. The claimants deny the defendant currency is forfeitable under any law.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

7. Pursuant to 18 U.S.C. §983(a)(3)(A) the 90th day for the filing of this verified complaint was August 17, 2009. This verified complaint was filed on the 91st day and, is, therefore, time barred. Therefore, the defendant currency must be refunded to the claimants.

### Second Affirmative Defense

8. The defendant currency was seized on March 20, 2009. Claimant Scott Hays' seizure notice is dated May 28, 2009. This exceeded the 60 notice period provided in section 983(a)(1)(A)(iii)(I). Therefore, the defendant currency must be refunded to the claimant Scott Hays.

### Third Affirmative Defense

9. Pursuant to 18 U.S.C. §981(b) the "law enforcement officers" who seized the defendant currency lacked authority to make the seizure.

### Fourth Affirmative Defense

10. The seizure of the defendant currency was made without a warrant in violation of section 981(b)(2) and the rights of the claimants under the Fourth Amendment of the U. S. Constitution.

### Fifth Affirmative Defense

11. Prior to the claimants being questioned they were not read their *Miranda* rights thus any and all statements made by the claimants to the "law enforcement officers" must be suppressed.

### Sixth Affirmative Defense

12. The Court shall take judicial notice that 90% to 100% of the currency in circulation in Miami-Dade County is tainted with cocaine.

### Seventh Affirmative Defense

13. The government cannot meet its burden of proof that there was a substantial connection between the defendant property and any controlled substance. Section 983(c)(1) & (3).

### Eighth Affirmative Defense

14. The government has failed to meet the pleading requirements of Rule E(2)(a) of the Supplemental Rules.

### Ninth Affirmative Defense

15. Pursuant to section 983(d) the claimants are innocent owners of the defendant currency.

### Tenth Affirmative Defense

16. The attempt by the government to forfeit the defendant currency is grossly disproportionate to any alleged offense in violation of section 983(g) and the Excessive Fines Clause of the Eighth Amendment of the U. S. Constitution.

### Eleventh Affirmative Defense

17. The allegations set forth in the verified complaint are heresay and thus barred by the Rules of Evidence.

Respectfully submitted,

/s/ Peter S. Herrick
Peter S. Herrick, Bar Number 166790

>Email: pherrick@bellsouth.net
>Peter S. Herrick, P.A.
>3520 Crystal View Court
>Miami, Florida 33133
>Tel. 305-858-2332
>Fax. 305-858-6347
>Attorney for Claimants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of the Court using CM/ECF on August 26, 2009.

>/s/ Peter S. Herrick
>Peter S. Herrick